### GOLDEN vs. THE STATE.

1. Upon an application for a change of venue in a criminal case, reasonable notice must be given previously to the application; the reasonableness of the notice must be construed with reference to the existing parties.

2. The general law providing for a change of venue in criminal cases, does not apply to causes pending against persons undergoing sentence of imprisonment in the Penitentiary.

## ERROR to Cole Circuit Court.

### PARSONS, for Plaintiff in error.

The circuit court erred in refusing to grant the application of the plaintiff in error for a change of venue. See Rev. Code, 1845; Practice and Proceedings in criminal cases—art IV. secs. 17, 19 and 20.

This statute is general, and guarantees the same rights to convicts as to other persons.

Although the statute regulating the Penitentiary requires the convicts to be kept within the walls, there is no law which deprives them of the right of trial by an unprejudiced jury.

When there are two statutes apparently repugnant to each other, the courts will construe them in *favoram vitæ*.

As to the question of notice, see Read vs. State, 11 Mo. Rep.

### ROBARDS, Attorney General, for the State.

The only point presented by the record in this case, is the refusal of the circuit court to remove the cause from the county by change of venue.

1. There was no notice of the application as required by the 20th sec. of the 5th art. of the act concerning practice in criminal cases. Digest 1845, page 874.

2. There is no provision made by law by which a convict can be removed from the Penitentiary to a distant court during the term for which he is sentenced. Upon a change of venue being ordered, it becomes the duty of the court to order the removal of the body of the defendant to the jail of the county into which the cause is to be removed, according to the 29th sec. of the 5th art. of the act concerning criminal practice, Digest, page 876. This cannot be done in the trial of a convict. Every felon in the State Penitentiary could commit a

felony, and be removed from the prison by taking a change of venue to another county—a thing never contemplated by the law making power. As no provision has been made, by which a convict can be removed, or by which he can take a case from Cole to any other county, it is presumable that it never was intended that he should have that right. If there be any hardship in this, it is not referable to the judiciary, but to the law making power. The right to take a cause from one county to another, is a right or privilege derived solely from the legislative provisions, none of which are applicable to convicts in the Penitentiary. Inasmuch as the right has never been extended to them by the Legislature, their honesty and loyalty is not such as to commend them very particularly to the judiciary, at least more than to protect them in their diminished rights, and admeasure to them the full penalties contemplated by law. It may be that the deprivation of this right to a change of venue, when criminally charged, like a deprivation of personal liberty, is intended as a part of the punishment of a felon. His sentence deprives him of many rights. This is one. He is deemed in law civilly dead, and it was never intended that he should be the partaker of legislative rights and privileges, granted to citizens, except when specially provided.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff in error was indicted by the grand jury of Cole county, at the August term of the circuit court, in the year 1849, for making his escape from the Penitentiary, in which he was then undergoing a punishment by confinement for a term less than life, to wit: for eight years, for a felony before that time committed by him.

Before the trial was had in this case, the defendant below was brought into court by the lessees of the Penitentiary, in obedience to an order of said court. Thereupon the court appointed counsel for the prisoner to assist him in making his defence.

The defendant then moved the court for a change of venue, and filed his petition and affidavit; the petition setting forth the reason of the motion, viz: the prejudice of the minds of the inhabitants of said Cole county so much against the defendant as to render it impossible for him to have a fair and impartial trial of said case. No notice was given of this application to change the venue previously to the motion in court.

The court overruled the petition to change the venue. The defendant then plead not guilty to the indictment. A trial was had; the jury found the defendant guilty, and assessed his punishment to two years imprisonment in the Penitentiary.

The defendant thereupon moved for a new trial, setting forth, among other reasons, the refusal of the court to change the venue. This motion was overruled; the defendant excepted, and brings the case to this court by writ of error.

The only point relied on for a reversal of the judgment of the court below, is the refusal of that court to change the venue.

The Attorney General, for the defendant in error, contends that the judgment of the court below should be affirmed for two reasons. *First*,

Golden vs. The State.

the failure to give "the reasonable previous notice" of the application for the change of venue, as required by the law. See Practice and Proceedings in criminal cases, article v, sec. 20, Digest of 1845; and, *Secondly*, the omission of our statute to provide for change of venue in cases of indictments against convicts in the Penitentiary.

With regard to the want of notice, the plaintiff in error relies upon the authority of the case of Reed vs. the State, 11 Mo. Rep. 379, and upon the second point, relies upon the generality of the provisions of the statute concerning change of venue in criminal cases.

I am not satisfied that the notice arising alone from the act of filing the petition and affidavit is sufficient. The law contemplates a reasonable previous notice, and the case of Reed vs. the State, above referred to, undertakes to state what would be considered reasonable previous notice, under a certain state of facts. In that case notice had been given. "The notice is dated on the day of filing the petition." The court, in their opinion, say "the term *reasonable*, as here used, must be construed with reference to the existing facts. If the defendant had possessed a knowledge of the judge's prejudice for days and weeks prior to his application for a change, then perhaps he should have given the prosecuting attorney notice before the morning of the day when the cause was called for trial.

There is a distinction between the case of Reed vs. the State and the one now before us. In that case the court say that Reed gave his notice "at the earliest possible period"; as soon as he knew of the existence of the fact upon which he sought to change the venue.

In this case no notice ever was given, other than the motion to change the venue in open court, and the filing the petition and affidavit.

As to the second point. By reference to the statute authorizing change of venue in criminal cases, I find that "any criminal cause pending in any circuit court, may be removed by order of said court, or the Judge thereof, to the circuit court of any other county," &c., &c. See Prac. and Proceed. crim. cases—art. v. Sec. 17, Digest of 1845. "Any criminal cause" are words very comprehensive, and unless there are other provisions limiting their operation, would include this cause now before us. Section 29 of the same article, makes it the duty of the court or judge granting the order of removal, whenever the defendant be in actual custody or confinement, to make also an order commanding the sheriff to remove the body of the defendant to the jail of the county into which the cause is removed. And the 30th sec. of the article requires the sheriff to obey this order without unnecessary delay.

Here, then, if the court should order a change of venue in a criminal

cause, pending against a person confined in the Penitentiary, to another county, it must also, at the same time, order the removal of the body of the defendant by the sheriff to the jail of the county to which the cause has been removed., This would materially affect the judgment heretofore given requiring the defendant's imprisonment in the Penitentiary. It is the duty of the sheriff to convey convicts for felonies to the Penitiary, and the duty of the keeper of the Penitentiary to receive them and safely keep them. In certain cases, a convict may be brought out by habeas corpus to testify in our courts, but there is no law authorizing the courts or judges to command that the body of a convict should be taken from the confinement in the Penitentiary and carried to a county jail, and there imprisoned to await his trial, which may be postponed for a year or eighteen months or more. Convicts in the Penitentiary, during the term for which they were sentenced, suffer a suspension of all their civil rights. It may be that the Legislature, on purpose omitted. to provide for a change of venue in criminal cases pending against convicts then in the Penitentiary. The law as it now exists, in my opinion, does not warrant the circuit court or judge thereof to change the venue in any cause pending against a person undergoing sentence of imprisonment in the Penitentiary. I have no doubt it never entered the minds of our legislators, when enacting the statute concerning a change of venue in criminal causes, that its provisions were designed to include convicts in our Penitentiary.

Were convicts permitted to change the venue in cases depending against them, and thereby have themselves taken from the State Prison and confined in the common and sometimes insecure county jails, there to await a trial, which could be postponed from term to term by the convict making out a suitable and proper cause, the whole term of imprisonment might in some cases be thus passed before the trial could be had. This would be inducement to the prisoners in the Penitentiary to commit crime in order that they might have it in their power to procure a change of venue, and a consequent deliverance from the Penitentiary.

The convicts are *civiliter mortuus* for the term of their sentence. To permit the oaths of such persons to authorize the courts to grant a change of venue, with the consequences that must now follow, was never in the contemplation of the law makers. They have, therefore, wisely refrained from legislating on this particular subject.

The counsel for the plaintiff in error invokes the principle of construing repugnant provisions of our statute in *favorem vitæ*. It is our duty to make such construction as would reconcile the various provisions

if we can do so, if not, we must look at the reason and design of the various enactments, and carry out the object of the legislature.

Upon the whole of this case, we find no reason to interfere with the judgment of the court below ; it is, therefore, affirmed.